| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>WILLIAM JOYNER-EL-QUWI-BEY, | ONLINE PUBLICATION ONLY |
| Plaintiff, | MEMORANDUM AND ORDER |
| -against- | 09-CV-2047 (JG) |
| RAUL RUSSI, BRIAN FISCHER,<br>DENNIS BRESLIN, and FRANKLIN<br>CORRECTIONAL FACILITY, | |
| Defendants.<br>-------------------------------------------------------------x | |

A P P E A R A N C E S:

    WILLIAM JOYNER-EL-QUWI-BEY
        Rikers Island
        15-00 Hazen Street
        East Elmhurst, New York 12953
        *Plaintiff* Pro Se

    ANDREW CUOMO
        120 Broadway
        New York, New York 10271
    By:   Andrew H. Meier
        *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        William Joyner-El-Quwi-Bey brings this action pursuant to 42 U.S.C. § 1983. He claims that his constitutional rights were violated when, after serving four years in prison for attempted robbery, he was subjected to a term of post-release supervision that was imposed not by a judge, but instead by officials at the New York State Department of Correctional Services. The defendants, current and former officials of the Department of Correctional Services and the New York State Division of Parole, assert qualified immunity and move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), among other grounds. For the reasons discussed below, the motion is granted.

BACKGROUND

On February 26, 2003, a judge of the New York Supreme Court, New York County, sentenced William Joyner-El-Quwi-Bey to a four-year determinate prison term for attempted robbery in the second degree. Although the judge was required by New York law to impose an additional term of post-release supervision because Joyner-El-Quwi-Bey was convicted of a violent felony, she neglected to do so.[1]

Nevertheless, the New York State Department of Correctional Services, acting according to its policy, administratively imposed a five-year term of post-release supervision on Joyner-El-Quwi-Bey on some date no later than April 6, 2006, as he was nearing the end of his prison term. After he was released from prison some time in 2006, he violated at least one of the conditions of his supervised release and was reincarcerated for two years in Franklin Correctional Facility.[2] He was released some time in 2008, when he again violated at least one of the conditions of his supervised release and was reincarcerated for sixteen months in Arthur Kill Correctional Facility.[3]

Either before or while Joyner-El-Quwi-Bey was serving his sentence for his second violation, the New York Court of Appeals ruled that only judges had the power to sentence and that the Department of Correctional Services had acted unlawfully when it administratively imposed supervision terms. *See People v. Sparber*, 10 N.Y.3d 457, 469-70 (2008); *Garner v. New York State Dep't of Correctional Servs.*, 10 N.Y.3d 358, 362 (2008). Consequently, on June 30, 2008, the New York legislature passed Correction Law § 601-d,

---

[1] *See* Law of Aug. 6, 1998, ch. 1, § 15, 1998 N.Y. Penal Law § 70.45 (amended 2005). Post-release supervision is similar to parole, but "a critical distinction is that the period of PRS is *added to* the maximum prison term imposed by the court, thus increasing the effective length of the sentence, while in contrast a released offender's time on parole is served after release from prison prior to the expiration of the maximum prison term imposed by the court." *People v. Rogers*, Slip Op. 52313(U), 21 Misc. 3d 1131(A) (N.Y. Sup. Ct. 2008).

[2] The conditions of Joyner-El-Quwi-Bey's supervised release required him to, for example, respond promptly to any communication from the Division of Parole, not possess a firearm, and not consume alcohol.

[3] The Franklin and Arthur Kill Correctional Facilities are both operated by the New York Department of Correctional Services.

which required the Department of Correctional Services to identify defendants subjected to administratively imposed terms of post-release supervision and created a procedure by which the courts that originally sentenced those defendants would decide whether resentencing was appropriate. On April 29, 2009, in a proceeding pursuant to Correction Law § 601-d, the judge who had sentenced Joyner-El-Quwi-Bey issued an order affirming the sentence she had originally imposed, which had included no term of post-release supervision. The district attorney for New York County consented to the order. *See* N.Y. Penal Law § 70.85.

Joyner-El-Quwi-Bey brought this action on March 23, 2009 against Raul Russi, a former chairman of the Division of the Parole,[4] Brian Fischer, the Commissioner of the New York State Department of Correctional Services, Dennis Breslin, the superintendent of Arthur Kill Correctional Facility, and Franklin Correctional Facility. He claims that the defendants violated his constitutional rights by administratively imposing and enforcing a term of post-release supervision, and he seeks damages for the period during which he was unlawfully subject to supervision.

## DISCUSSION

A. *Legal Standard*

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is

---

[4] The Attorney General contends that Russi has not been served. In light of my dismissal of Joyner-El-Quwi-Bey's § 1983 claim against all defendants on qualified immunity grounds, I need not address this issue.

3

facially plausible only if the pleaded facts permit a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.*

B.  *Analysis*

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Farid v. Ellen*, 593 F.3d 233, 244 (2d Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). For an official's action to violate a clearly established right, "'in the light of pre-existing law [its] unlawfulness must be apparent.'" *Okin v. Village of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 433 (2d Cir. 2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *see Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[T]he salient question . . . is whether the state of the law . . . gave [defendants] fair warning that their alleged treatment of [the plaintiff] was unconstitutional.").

Defendants acknowledge that state and federal courts in New York now agree that the Department of Correctional Services may not lawfully impose a term of post-release supervision, even one that is statutorily required, on a defendant. *See Earley v. Murray*, 451 F.3d 71, 76 (2d Cir. 2006) (administrative imposition of supervision term violated federal law); *Garner v. New York State Dep't of Correctional Servs.*, 10 N.Y.3d 358, 363 (2008) (administrative imposition of supervision term violated state statutory law). They argue that they are entitled to qualified immunity because, at the time they administratively imposed a supervision term on Joyner-El-Quwi-Bey and enforced it against him, they could have reasonably understood their acts to be lawful. I agree.

The Department of Correctional Services administratively imposed a term of supervision on Joyner-El-Quwi-Bey at some point on or before April 6, 2006, when it computed

4

the maximum expiration date for his term of supervision as May 18, 2011. At that time, New York appellate courts had consistently held that the Department of Correctional Services could administratively impose a statutorily required term of supervision even if the sentencing judge failed to pronounce it or include it in the written judgment. *See People v. Rogers*, 21 Misc. 3d 1131(A) (N.Y. Sup. Ct. 2008) (collecting cases). Thus, officials at the Department of Correctional Services could not have had "fair warning" that imposing a supervision term on Joyner-El-Quwi-Bey was unlawful.[5]

Nor did officials at the Department of Correctional Services or the Division of Parole ever receive "fair warning" that they should have taken steps to revoke or no longer enforce Joyner-El-Quwi-Bey's de facto supervision term before it was terminated by court order on April 29, 2009. Joyner-El-Quwi-Bey points to two decisions, *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), and *People v. Sparber*, 10 N.Y.3d 457 (2008), that he contends put defendants on notice that continuing to subject him to an administratively imposed supervision term was unlawful. But while these cases unequivocally established that the administrative imposition of supervision terms violated state and federal law, neither suggested that correctional or parole officials were compelled to discharge or disregard supervision terms that had been previously administratively imposed.

In *Earley*, the Second Circuit ruled that a prisoner's habeas petition, assuming it was timely filed, should be granted if he was held in custody pursuant to an administratively

---

[5] In 1936, the Supreme Court held in *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464 (1936), that a judge's sentence may not be administratively amended, a conclusion obviously in tension with the New York courts' endorsement of the imposition of supervision terms by the Department of Correctional Services. But in *Wampler*, the court clerk had amended the judge's oral sentence imposing imprisonment and a fine to include a condition that the defendant remain in custody until the fine was paid, a condition reserved to the discretion of the judge. The case did not make unreasonable the defendants' reliance on current decisions by New York state courts expressly sanctioning the administrative imposition of a statutorily required component of a sentence that was inadvertently omitted by a judge.

5

imposed term of supervision. Significantly, however, the court did not suggest that the state was required to release him. Instead, it emphasized that its ruling was not intended to preclude the state from moving to correct the petitioner's sentence in a proper judicial proceeding. On remand, the district judge stayed his order granting the petition to permit the New York state courts to correct "a ministerial error that may be rectified easily," adding that he assumed the corrected sentence would be imposed *nunc pro tunc*. *Earley v. Murray*, No. 03-CV-3104, 2007 WL 1288031, at *3 (E.D.N.Y. May 1, 2007). Thus, after *Earley*, the defendants could have reasonably believed that the remedy for the concededly unlawful administrative imposition of a supervision term was a resentencing proceeding in which a judge imposed the correct sentence, *effective as of the date of the original sentencing*.

Similarly, when the New York Court of Appeals held in *Sparber* that the administrative imposition of supervision terms by the Department of Correctional Services was unlawful, it stressed that "[t]he sole remedy for a procedural error such as this is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement." 10 N.Y.3d at 471. The court did not explicitly address whether corrected sentences would be imposed *nunc pro tunc*, but it strongly suggested that they would be by describing the failure to pronounce the required sentence as "only . . . a procedural error, akin to a misstatement or a clerical error, which the sentencing court could easily remedy." 10 N.Y.3d at 472. Nothing in *Earley* or *Sparber* suggested that administratively imposed terms of supervision should be administratively revoked or otherwise unenforced.

After *Sparber*, lower New York courts divided on the question whether defendants could lawfully be held in custody for violating the terms of their administratively imposed terms of supervision, a dispute that turned on the issue of whether the resentencings

6

contemplated by the New York Court of Appeals took effect *nunc pro tunc* or on the date of the corrected sentence. *See, e.g.*, *People ex rel. Benton v. Warden*, 862 N.Y.S.2d 763, 767 (Sup. Ct. 2008) (granting the habeas petition of a defendant who was incarcerated for violating the conditions of an administratively imposed supervision term after he had been ostensibly resentenced *nunc pro tunc* by another judge of the same court). It was not until February 23 of this year that the New York Court of Appeals resolved this issue, holding that a resentencing took effect *nunc pro tunc* as long as the defendant was still serving his determinate prison term or his direct appeal was not completed, but that otherwise courts were without power to impose a corrected sentence. *See People v. Williams*, Slip Op. 01527, 2010 WL 605257 (N.Y. Feb. 23, 2010).

In summary, the defendants were not on notice that administratively imposing a term of supervision on Joyner-El-Quwi-Bey was unlawful when they did so no later than April 6, 2006. And, having imposed a term of supervision on Joyner-El-Quwi-Bey, defendants were justified in believing that the sole remedy for their error was a resentencing proceeding that would have no practical effect on his obligation to serve that term or the state's right to reincarcerate him if he violated the conditions of supervision. Thus, the individual defendants in this case, officials at the Department of Correctional Services and the Division of Parole, are entitled to qualified immunity both for administratively imposing a term of supervision on Joyner-El-Quwi-Bey and continuing to enforce that term until specifically instructed otherwise by the New York Supreme Court on April 29, 2009. In addition, Joyner-El-Quwi-Bey's claim against Franklin Correctional Facility, a prison operated by the New York State Department of Correctional Services, is barred by the Eleventh Amendment. *See Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002).

7

CONCLUSION

The motion to dismiss for failure to state a claim is granted. Therefore, I do not address the defendants' other proposed bases for dismissal.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 23, 2010
       Brooklyn, New York